UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS PENSION
TRUST FUND OF #58, IBEW, ET AL.,     No. 09-11226

       Plaintiffs,     District Judge George Caram Steeh

v.     Magistrate Judge R. Steven Whalen

SERVICE ELECTRIC COMPANY, INC.,

       Defendant.
                                      /

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Amended Motion for Attorneys' Fees and Costs [Docket #13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant has not filed a response. For the reasons discussed below, I recommend that the motion be GRANTED, and that Plaintiffs be awarded attorneys' fees and costs in the amount of $1,427.00, along with post-judgment interest.

**I.     BACKGROUND**

This is an action for payment of fringe benefits brought pursuant to § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. On September 8, 2009, this Court entered a default judgment in favor of the Plaintiffs [Docket #12]. The judgment included the following provision:

> "That defendant shall pay to plaintiffs all costs, interest, and attorney's fees incurred in bringing and prosecuting this present action."

In support of their request for attorneys' fees and costs, Plaintiffs' lawyers have submitted the affidavit of attorney Amy Bachelder, along with billing records. According to the affidavit and records, attorney Bachelder claims 4.5 hours of work at $150.00 per

-1-

hour, for a total of $675.00. Attorney George H. Kruszewski claims .3 hours of work at $190.00 per hour, for a total of $57.00. In addition, Plaintiffs claim as costs $350.00 in filing fees and $345.00 for service of the complaint. The total amount requested in attorneys' fees and costs is $1,427.00.

## II. DISCUSSION

Under 29 U.S.C. § 1132(g)(2), attorney fees are mandatory where there is a judgment in favor of a fiduciary in an action under § 515:

> "(2) In any action under this title by a fiduciary on behalf of a plan to enforce § 515 in which a judgment in favor of the plan is awarded, the court *shall* award the plan–
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant...."

*See Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392 (6th Cir. 1995) (award of attorneys' fees mandatory in action brought under § 515 of ERISA). Indeed, in the judgment entered on September 8, 2009, the Court directed the payment of costs, interest and attorneys' fees.

Plaintiffs are therefore entitled to attorneys' fees and costs. Under § 1132(g)(2)(D), such fees must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably* expended on the litigation multiplied by a reasonable hourly rate." In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiffs' attorneys, Amy Bachelder and George H. Kruszewski, are both

experienced lawyers, having been licensed in the State of Michigan since 1976 and 1975, respectively. Ms. Bachelder, who performed most of the work in this case, is an associate at Sachs Waldman, P.C., and Mr. Kruszewski has been a shareholder in the firm since 1984. The Court is familiar with prevailing attorney rates within the Metro Detroit market for similar services. *See, e.g.,* 2003 State Bar of Michigan Survey, Economics of Law Practice (Plaintiffs' Brief, Exhibit 2). The hourly rate for Ms. Bachelder ($150.00) and Mr. Kruszewski ($190.00) are eminently reasonable, and in fact lower than the average amount billed by law firms of a similar size in Detroit.

As to the number of hours, a review of the Detail Fee Transaction File List, attached to Plaintiffs' brief, shows that counsel has billed fairly and conservatively, claiming less than five hours total.

Accordingly, I find that total attorneys' fees in the amount of $732.00 is reasonable. In addition, Plaintiffs are entitled to costs in the total amount of $695.00 ($350.00 for the filing fee and $345.00 for service of summons and complaint). The total amount of attorneys' fees and costs that should be awarded is therefore **$1,427.00**.

Finally, the award of post-judgment interest is governed by 28 U.S.C. §1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiffs are thus entitled to post-judgment interest, at the rate set forth in §1961(a).[1]

### III. CONCLUSION

I recommend that Plaintiffs' Amended Motion for Attorneys' Fees and Costs

---

[1] §1961(a) provides that "interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

[Docket #13] be GRANTED, and that Plaintiffs be awarded attorneys' fees and costs in the total amount of **$1,427.00**, along with post-judgment interest as provided in 28 U.S.C. §1961(a).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 30, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 30, 2010.

                                        s/Susan Jefferson
                                        Case Manager